UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CANDI-LEE LILES and CASSIDY RAELUND, | Case No. 2:22-cv-00004-DCN |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| SAM SKILES, et al., | |
| Defendants. | |

## I. INTRODUCTION

Pending before the Court is a Motion to Dismiss (Dkt. 28) filed by Defendants John Cafferty, Rachel Hamilton, Douglas Payne, Clark Peterson, and Mayli Walsh (collectively, the "Judicial Defendants").[1]

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court GRANTS the Motion. Additionally, because the Court finds that this case is frivolous and fails to state a claim against any Defendant, the Court DISMISSES WITH PREJUDICE Plaintiffs' entire

---

[1] There are several other Defendants in this case.

MEMORANDUM DECISION AND ORDER – 1

Complaint.

## II. BACKGROUND

Pro se plaintiffs Candi-Lee Liles and Cassidy Raelund initiated this lawsuit on January 4, 2022. Dkt. 1. Though their Complaint is barebones and does not provide any factual background, Liles and Raelund allege "trespass," "extortion, theft, torture, deprivation, kidnapping, and harm." *Id.* at 2. The Complaint also references three Idaho state court criminal cases: CR28-20-8355, CR28-21-20984, and CR28-21-21031.[2] *Id.* The defendant in each of these cases is Brooke Cassidy Weeks, who appears to be the same person as Plaintiff Cassidy Raelund. Dkt. 28-1, at 3. CR28-20-8355 relates to a violation of Idaho Code § 49-301(5) for having more than one driver's license. CR28-21-20984 relates to a violation of Idaho Code § 18-705 for resisting or obstructing officers during an arrest. CR28-21-21031 relates to violations of Idaho Code § 18-8001(1)(b) and Idaho Code § 49-1232 for driving without privileges and failing to provide proof of insurance.

In the instant case, it appears that Liles and Raelund are challenging those state court criminal cases.[3] *See generally* Dkts. 1, 3. For damages, Liles and Raelund request $175,000 "backed by gold" and "1 silver dollar per second" until their private property is returned. Dkt. 1, at 2.

Liles and Raelund have filed several documents since this case was opened. These

---

[2] The Court takes judicial notice of these cases. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (explaining a court "may take judicial notice of court filings and other matters of public record").

[3] Shortly after filing their Complaint, Liles and Raelund filed a Motion to Stay, presumably referring to the underlying state cases. Dkt. 3.

MEMORANDUM DECISION AND ORDER – 2

documents make obvious that Liles and Raelund believe they are sovereign citizens. *E.g.*,

Dkt. 10 ("i, a woman, cassidy:raelund: publish and give Public Notice that i was born at,

Nevada state without the 'UNITED STATES', or 'The United States' incorporated"; "i;

woman, act as a Nevadan, and not any kind of US Citizen"; "When addressing Nevada,

you are addressing a Compact State and member State of the united States of America and

actual unincorporated Federation of States (formed September 9, 1776)"); Dkt. 11 (same

but in reference to Liles, who was born in Illinois); Dkt. 12 ("i, a woman, act as an

American National, a Foreign Sovereign"; "i; woman, am not a US Citizen, a Resident, US

National, or a Person that is defined in a vague, and ambiguous way";  "The united States

of America (unincorporated) lays on the outside of the 40 stones that encompass District

of Columbia the jurisdiction of the United States"). On April 7, 2022, Liles and Raelund

filed a letter purporting to "void" the Court's prior order and instructing the Court how to

conduct itself in the "Tribunal of liles/raelund court." Dkt. 25. Needless to say, this Court—

the United States District Court for the District of Idaho—is real and has Article III

authority and power, and the Court's prior order was not voided. The Court only mentions

this letter as an example of the filings in this case.

On April 18, 2022, the Judicial Defendants filed the instant Motion to Dismiss. Dkt.

28. Thereafter, Liles and Raelund filed more documents, though none of them could be

considered responsive briefing.[4] Dkts. 30, 32, 33, 34. The Motion is now ripe for review.

---

[4] Under Local Rule 7.1(e) "if an adverse party fails to timely file any response documents required to be filed under this rule, such failure may be deemed to constitute a consent to the sustaining of said pleading or the granting of said motion or other application." Dist. Idaho Loc. Civ. R. 7.1(e).

MEMORANDUM DECISION AND ORDER – 3

### III. LEGAL STANDARD

### A. Rule 12(b)(5)

Federal Rule of Civil Procedure 12(b)(5) permits a court to dismiss a claim for insufficient service of process. Where the validity of service is contested via motion pursuant to Rule 12(b)(5), the burden is on the plaintiff to establish the validity of service. *Woodworth v. Subprime Lenders, Inc.*, 2008 WL 50546787, at *2 (D. Idaho June 11, 2008).

Pursuant to Rule 4(m), it is a plaintiff's duty to serve each defendant in the case within 90 days after filing the complaint, or to request a waiver of service under Rule 4(d). Fed. R. Civ. P. 4(m). Service upon a defendant in their individual capacity must conform with Rule 4(e), which provides:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

In addition, serving an individual defendant in his or her official capacity "may be

MEMORANDUM DECISION AND ORDER – 4

made personally or by leaving the summons and complaint with an authorized agent at the defendant's place of employment." *Gerritsen v. Consulado Gen. De Mexic*o, 989 F.2d 340, 344 (9th Cir. 1993).

### B. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys.*, LP, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007). "This is not an onerous burden." *Johnson*, 534 F.3d at 1121.

A complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. The complaint must also contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570. In considering a Rule 12(b)(6) motion, the Court must view the complaint in the light most favorable to the claimant and "accept[ ] all well-pleaded factual allegations as true, as well as any reasonable inference drawn from them." *Johnson*, 534 F.3d at 1122.

Courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so,

plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## C. Court's Inherent Power to Screen Pro Se Complaints

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1991). Accordingly, the Court will exercise its inherent authority to screen Plaintiffs' pro se Complaint to ensure that the action is not frivolous or malicious, that the Complaint complies with the Federal Rules of Civil Procedure, and that the Court has subject matter jurisdiction over Plaintiffs' claims. *De Shazo v. Bieter*, 2021 WL 5701488, at *1 (D. Idaho Dec. 1, 2021) (recognizing a court has "inherent authority to screen [a] case *sua sponte*"); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("[A] district court may, at any time, *sua sponte* dismiss a complaint . . . when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."); *Stephens v. Felsch*, 2020 WL 9607901, at *1 (S.D. Ill. Sept. 25, 2020), report and recommendation adopted, 2020 WL 6395494 (S.D. Ill. Nov. 2, 2020) ("In this Order, the Court exercises its inherent authority to *sua sponte* screen cases that are 'transparently defective' in order to 'save everyone time and legal expense.'") (quoting *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003)). This authority extends to cases in which the

plaintiff has paid the filing fee. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status").

## IV. DISCUSSION

The Judicial Defendants argue that this case should be dismissed because Liles and Raelund failed to serve them and because Liles and Raelund fail to state a claim upon which relief can be granted. The Court agrees.

First, the evidence here fails to show that Liles and Raelund served any of the Judicial Defendants.[5] All Liles and Raelund have shown is that a man who is not one of the Judicial Defendants was served on or around March 28, 2022. Dkt. 21 (proof of service documentation that reports summons were served on Bill Brooks). Liles and Raelund have failed to show that this man was authorized to accept service on behalf of the Judicial Defendants. Accordingly, the Court must dismiss the claim against the Judicial Defendants. *See Carter v. Seventh Judicial Dist. of Idaho*, 2009 WL 1635389, at *5 (D. Idaho June 10, 2009) (finding improper service where the plaintiffs served the court operations manager and not the magistrate and district court defendants).

In addition to this deficiency in service, the Judicial Defendants argue that the case should be dismissed against them under Rule 12(b)(6) because: (1) the Complaint fails to comply with Rule 8(a); (2) *Younger* abstention applies; (3) judicial immunity applies; (4) the Complaint fails to identify a cause of action; and (5) Plaintiffs lack standing.

---

[5] It is not clear from the record whether the other Defendants were properly served.

The Court agrees that the Complaint fails to comply with Rule 8(a). *Younger* abstention also applies to the extent that Plaintiffs are seeking to enjoin the state court criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 45 (1971) (holding that federal courts should abstain from enjoining pending state criminal prosecutions absent extraordinary circumstances). And, judicial immunity applies to the extent that Plaintiffs are seeking damages from judges for their judicial actions. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts . . . ."). However, because the Complaint is so sparse, the Court is hesitant to rely solely on *Younger* and judicial immunity. Likewise, the Court has some doubt about the Plaintiffs' standing, but the Complaint's deficiencies and the subsequent filings cloud this issue.

What is clear from the Plaintiffs' filings is that this case is based on a sovereign citizen theory. As such, it is frivolous. *United States v. Ward*, 182 F.3d 930 (9th Cir. 1999) (noting that contentions based on sovereign citizen arguments are "frivolous" and may be rejected "without extended argument"); *Heitman v. Bear Lake W. Homeowners Ass'n Corp.*, 2007 WL 4198254, at *3 (D. Idaho Nov. 21, 2007) (citing *United States v. Sloan*, 939 F.2d 499 (7th Cir. 1991)); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (concluding defendants' sovereign citizen argument was "completely without merit" and "patently frivolous"); *Muhammad v. Smith*, 2014 WL 3670609, *2 (N.D.N.Y. July 23, 2014) ("Theories presented by redemptionist and sovereign citizen adherents have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources"); *United States v. McQuarters*, 2013 WL 6095514, *2 (E.D. Mich. Nov. 20, 2013) (characterizing pleadings based on redemptionist arguments as "implausible,

MEMORANDUM DECISION AND ORDER – 8

attenuated, unsubstantial, frivolous, devoid of merit, [and] no longer open to discussion").

In short, this case is frivolous in its entirety, and not just as it pertains to the Judicial Defendants. Therefore, the Court uses its inherent power to dismiss the entire Complaint. What's more, "[b]ecause allowing amendment would be fruitless given that [Plaintiffs have] consistently submitted nonsensical pleadings and papers without any supporting factual allegations" and instead rely solely on sovereign citizen theories, the Court DISMISSES the Complaint WITH PREJUDICE. *Heitman*, 2007 WL 4198254, at *3. In doing so, the Court also DENIES as MOOT the Plaintiffs' Motion to Stay (Dkt. 3).

## V. ORDER

The Court HEREBY ORDERS:

1. The Judicial Defendants' Motion to Dismiss (Dkt. 28) is GRANTED.

2. Plaintiffs' Motion to Stay (Dkt. 3) is DENIED as MOOT.

3. The Complaint (Dkt. 1) is DISMISSED WITH PREJUDICE in its entirety.

4. The Court will enter a separate judgment in accordance with Federal Rule of Civil Procedure 58.

DATED: August 4, 2022

David C. Nye
Chief U.S. District Court Judge